IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WESLEY HOWARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-903-L |
| | § | |
| JJ&P HOTELS, LLC, d/b/a Baymont | § | |
| Inn, and BAYMONT FRANCHISE | § | |
| SYSTEMS, INC., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant JJ&P Hotels, LLC ("JJ&P") has filed a Motion to Dismiss Due to

Improper Venue or, in the Alternative, Motion to Transfer Venue. *See* Dkt. No. 27.

United States District Judge Sam A. Lindsay has referred this motion to the

undersigned United States magistrate judge to submit to the Court proposed findings

and recommendations for disposition of the motion. *See* Dkt. No. 31. Plaintiff Wesley

Howard has not filed a response, and his time to do so has passed. *See* N.D. Tex. L. Civ.

R. 7.1(e).

For the reasons explained below, the Court should deny JJ&P's motion to

dismiss due to improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3)

and 28 U.S.C. § 1406(a), deny JJ&P's motion to transfer due to improper venue

pursuant to 28 U.S.C. § 1406(a), grant JJ&P's alternative motion to transfer venue

pursuant to 28 U.S.C. § 1404(a), and transfer this case to the United States District

-1-

Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1404(a).

## Background

Plaintiff filed this action in state court in Dallas, Texas against Defendant Wyndham Hotel Management, Inc. d/b/a Baymont Inns Hospitality, which then removed the case to this Court. *See* Dkt. No. 1.

After removal, Plaintiff filed an amended complaint that for the first time named JJ&P and Baymont Franchise Systems, Inc. as defendants, alleging claims for premises liability, negligence, gross negligence and assault, and dropped Wyndham Hotel Management, Inc. d/b/a Baymont Inns Hospitality as a named defendant. *See* Dkt. No. 22.

Baymont Franchise Systems, Inc. filed an answer, *see* Dkt. No. 25, and JJ&P filed its Motion to Dismiss due to Improper Venue or, in the Alternative, Motion to Transfer Venue, *see* Dkt. No. 27.

Through its motion, JJ&P asks the Court to dismiss Plaintiff's claims against it due to improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) or, in the alternative, to transfer this case to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a).

Plaintiff later filed an Agreed Motion to Dismiss Baymont Franchise Systems, Inc., *see* Dkt. No. 32, which the Court granted, dismissing Plaintiff's claims against Baymont Franchise Systems, Inc. without prejudice, *see* Dkt. No. 33. That leaves JJ&P as the only defendant in the case.

## Legal Standards

On a Federal Rule of Civil Procedure 12(b)(3) motion, once a defendant raises the issue of improper venue, the plaintiff has the burden to prove that the chosen venue is proper. *See International Truck and Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 558 (N.D. Tex. 2003). In resolving a Rule 12(b)(3) motion, "the court is permitted to look at evidence beyond simply those facts alleged in the complaint and its proper attachments," *Ambraco, Inc. v. Bossclip B. V.*, 570 F.3d 233, 238 (5th Cir. 2009) (internal quotation marks omitted), and must view all the facts in a light most favorable to the plaintiff, *see id.* at 237.

28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

> Section 1406(a) allows a transfer where the first forum chosen is improper due to the existence of some obstacle to adjudication on the merits. [*Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967).] The statute specifically refers to "laying venue in the wrong division or district," but a transfer can be made due to the absence of personal jurisdiction in a district where venue is otherwise proper. *See Bentz v. Recile*, 778 F.2d 1026, 1028 (5th Cir. 1985).... [A] division or district may be "wrong" under Section 1406(a) when the original court lacks personal jurisdiction. *Id.*

*Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013). "The district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice under § 1406(a)." *LSF4 Loan Invs. I, LLC v. Weingart*, No. 3:06-cv-419-M, 2006 WL 2370803, at *3 (N.D. Tex. Aug. 15, 2006).

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In applying Section 1404(a), the Court must first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). Once this initial determination is made, the Court

> turn[s] to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice." The determination of "convenience" turns on a number of private and public interest factors, none of which [is] given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Id.* (citations omitted).

Transfer of venue under Section 1404(a) is at the Court's discretion, considering "'[a]ll relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *El Chico Restaurants of Texas, Inc. v. Carroll*, No. 3:09-cv-2294-L, 2010 WL 2652286, at *2 (N.D. Tex. June 29, 2010) (quoting *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)).

A plaintiff's original choice of forum is entitled to some deference, which dictates that the moving party must "demonstrate[] that the transferee venue is clearly more convenient." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). But, while a plaintiff's choice of forum "should be respected" unless "the transferee venue is clearly more convenient," Plaintiff's "choice of forum ... is not an independent factor within ... the § 1404(a) analysis." *Id.* at 314 n.10, 315. Rather, "a plaintiff's choice of venue is to be treated as a burden of proof question." *Id.* at 314 n.10 (internal quotation marks omitted).

### Analysis

JJ&P's requests for dismissal under Rule 12(b)(3) and for dismissal or transfer under Section 1406(a) turn on JJ&P's assertions that none of the current parties in this case reside in the Northern District of Texas and that a substantial part of the alleged events or omissions giving rise to Plaintiff's claims occurred in Enid, Oklahoma, located in the Western District of Oklahoma, and not in the Northern District of Texas. *See* Dkt. No. 28 at 2. But these arguments rely on the venue standards of 28 U.S.C. § 1391(b), and that section does not apply to determine the proper venue for cases, like this one, that were removed from state court. *See* 28 U.S.C. § 1390(c) ("This chapter shall not determine the district court to which a civil action pending in a State court may be removed, but shall govern the transfer of an action so removed as between districts and divisions of the United States district courts."). Rather, 28 U.S.C. § 1441(a) governs the proper venue for removed actions. *See Collin County v. Siemens Bus. Servs., Inc.*, 250 F. App'x 45, 51-52 (5th Cir. 2007); *accord*

*Alliance Health Group, LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 401 (5th Cir. 2008); *Busch v. Robertson*, No. 3:05-cv-2043-L, 2006 WL 1222031, at *1 n.1 (N.D. Tex. May 5, 2006). And venue under Section 1441(a) is proper here where the case was removed from Dallas state court. *See* Dkt. No. 1; 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

JJ&P suggests an exception to the rule that Section 1441(a) governs venue in removed actions, under which, if a plaintiff files an amended complaint adding new defendants after removal, venue must be proper with respect to the new defendants under the applicable general or special venue provision. *See* Dkt. No. 28 at 3. The undersigned has been unable to locate authority to support the existence of such an exception other than the treatise that JJ&P cites, which itself cites only to a dissenting opinion in a United States Supreme Court decision. And there is authority – including the terms of 28 U.S.C. § 1390(c), enacted as part of the Jurisdiction and Venue Clarification Act of 2011 – that suggests that there is no such exception in the context of assessing proper venue for purposes of dismissal under Rule 12(b)(3) or Section 1406(a). *See, e.g., Busch*, 2006 WL 1222031, at *1 n.1; *see also Henry v. Hallahan*, No. 4:13-cv-605, 2015 WL 1467103, at *2 (E.D. Tex. Mar. 30, 2015).

JJ&P also argues that there is no personal jurisdiction over it in the Northern District of Texas, which might support a Section 1406(a) transfer, but JJ&P has not

moved under Federal Rule of Civil Procedure 12(b)(2) to dismiss for lack of personal jurisdiction. *See* Dkt. No. 28 at 4-5.

Under the circumstances, the undersigned recommends that the Court should, as explained below, grant JJ&P's alternative motion to transfer venue pursuant to 28 U.S.C. § 1404(a), which pretermits any need for the Court to further consider JJ&P's motions to dismiss or transfer based on improper venue under Rule 12(b)(3) and Section 1406(a). *Accord Busch*, 2006 WL 1222031, at *1 n.1.

Turning, then, to JJ&P's Section 1404(a) motion, the Western District of Oklahoma is a judicial district where this action against JJ&P might have been brought, pursuant to 28 U.S.C. § 1391(b)(2), where Plaintiff's amended complaint pleads events and injuries to Plaintiff alleged to have occurred in Enid, Oklahoma, which is within the Western District of Oklahoma. *See* Dkt. No. 22; Dkt. No. 28 at 4-5, 7.

Turning next to the private and public interest factors that the United States Court of Appeals for the Fifth Circuit has articulated, the Court finds that these factors are either neutral in the Section 1404(a) analysis here or, on balance, weigh in favor of transfer to the Western District of Oklahoma.

As JJ&P explains, "Plaintiff's case is a premises liability case based upon an incident and alleged omissions and actions that occurred at a hotel in Enid, Oklahoma"; "[t]he Western District of Oklahoma provides greater ease of access to sources of proof because JJ&P's principle place of business is in Enid, Oklahoma and the subject hotel is located in Enid, Oklahoma"; and "JJ&P's owner, employees, former

employees and witnesses as to liability and Plaintiff's injury reside in or near Enid, Oklahoma." Dkt. No. 28 as 8. JJ&P correctly asserts that the private interest factors weigh in favor of transfer to the Western District of Oklahoma.

As to the public interest factors, the undersigned also concludes that these factors are either apparently neutral – such as with regard to the avoidance of unnecessary problems of conflict of laws or in the application of foreign law – or, on balance, weigh in favor of transfer. In particular, the local interest in having localized interests decided at home favors the Western District of Oklahoma where the alleged acts, omissions, and injuries occurred there and not in the Northern District of Texas and where Plaintiff does not reside in the Northern District of Texas but rather in the Eastern District of Texas. *See* Dkt. No. 22 at 1; Dkt. No. 28 at 1, 8.

Because JJ&P has demonstrated that the Western District of Oklahoma is clearly more convenient, the Court should grant the alternative motion to transfer venue pursuant to Section 1404(a).

## Recommendation

As to Defendant JJ&P Hotels, LLC's Motion to Dismiss due to Improper Venue or, in the Alternative, Motion to Transfer Venue [27], the Court should deny Defendant JJ&P Hotels, LLC's motion to dismiss due to improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), deny its motion to transfer due to improper venue pursuant to 28 U.S.C. § 1406(a), grant its alternative motion to transfer venue pursuant to 28 U.S.C. § 1404(a), and transfer this case to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. §

1404(a).

A copy of these Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 23, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE